**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **DAVID SMOTHERMAN** | § | |
| | § | |
| **V.** | § | **A-09-CA-423-LY** |
| | § | |
| **RICK THALER**[1] | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates.  Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 20); and Petitioner's response thereto (Document 22).  Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

**STATEMENT OF THE CASE**

**A.     Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 403rd Judicial District Court of Travis County, Texas, in cause

---

[1]The previous named respondent in this action was Nathaniel Quarterman. On July 15, 2009, Rick Thaler succeeded Quarterman as Director of the Texas Department of Criminal Justice, Correctional Institutions Division.  Under Rule 25(d)(1) of the Federal Rules of Civil Procedure, Thaler is automatically substituted as a party.

number D-1-DC-07-205902.  Petitioner was convicted of possession of cocaine, enhanced, and was sentenced to two years imprisonment.

Petitioner does not challenge his holding conviction.  Rather, Petitioner's claims arise from the decision of the Board of Pardons and Paroles to deny Petitioner release on parole and mandatory supervision.  On November 14, 2009, Petitioner mailed notice to the Court that he would be released from prison on November 19, 2009. After his release, Petitioner failed to provide the Court with his address.  According to personnel for the TDCJ, Petitioner was released on mandatory supervision on November 19, 2009, and completely discharged his sentence on February 11, 2010.

## DISCUSSION AND ANALYSIS

Once federal jurisdiction has attached in the district court, it is not defeated by the release of the petitioner prior to the completion of the proceedings.  Carafas v. LaVallee, 391 U.S. 234, 238, 88 S. Ct. 1556 (1968).  Even though jurisdiction is not defeated when a prisoner is released on parole, a released prisoner's claims for habeas corpus relief may be rendered moot by his release. Tolley v. Johnson, 228 F.3d 410 (5th Cir. 2000).  A petition is not moot if the released prisoner can show that the challenged conviction will cause him to suffer some future collateral consequences. Lane v. Williams, 455 U.S. 624, 632, 102 S. Ct. 1322, (1982); Carafas, 391 U.S. 234.  A petitioner challenging only the sentence, and not the underlying conviction, must affirmatively allege and demonstrate collateral consequences.  Spencer v. Kemna, 523 U.S. 1, 7-8, 118 S. Ct. 978 (1998); see also Lane, 455 U.S. at 624; Beachem v. Schriro, 141 F.3d 1292, 1294 (8th Cir.) (citing Spencer, 523 U.S. at 12-14), cert. denied, 525 U.S. 938 (1998).

Petitioner does not challenge the validity of his underlying conviction or sentence, only the execution of his sentence.  Under Spencer, collateral consequences are not presumed.  Petitioner has

2

made no allegation or demonstration of collateral consequences.  <u>Spencer</u>, 523 U.S. at 1; <u>see also</u>

<u>Bailey v. Southerland</u>, 821 F.2d 277 (5th Cir. 1987) (holding habeas petition challenging prison

disciplinary proceeding and punishment moot after petitioner's release).  Accordingly, dismissal of

this petition as moot is appropriate as a result of Petitioner's release.

<u>**RECOMMENDATION**</u>

It is recommended that Petitioner's application for writ be dismissed as moot.

<u>**CERTIFICATE OF APPEALABILITY**</u>

An appeal may not be taken to the court of appeals from a final order in a habeas corpus

proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C.

§ 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective

December 1, 2009, the district court must issue or deny a certificate of appealability when it enters

a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing

of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained

the requirement associated with a "substantial showing of the denial of a constitutional right" in

<u>Slack v. McDaniel</u>, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).  In cases where a district court

rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable

or wrong."  <u>Id.</u>  "When a district court denies a habeas petition on procedural grounds without

reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner

shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim

3

of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 26th day of May, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE